UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE STAHL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Case No. 15-cv-04499-JSC<br><br>**ORDER RE:  MOTION TO DISMISS**<br>Re: Dkt. No. 10 |

In this personal injury action, Plaintiff Catherine Stahl ("Plaintiff") seeks to recover damages for injuries sustained aboard an international flight when a flight attendant stepped on her right foot while operating the service cart, fracturing Plaintiff's toe.  (Dkt. No. 1 ¶ 7.)  The operative complaint includes two causes of action.  The first cause of action alleges negligence against Defendant United Airline, Inc. ("Defendant") under the Convention for the Unification of Certain Rules Relating to International Carriage by Air ("Montreal Convention").  Plaintiff brings the second cause of action under the International Air Transport Association ("IATA"), agreements pursuant to which Defendant and other air carriers agreed to waive damages limitations absent proof that the airline took all necessary measures to avoid an accident.

Now pending before the Court is Defendant's motion to dismiss the second cause of action for failure to state a claim on the grounds that the Montreal Convention provides the sole remedy for international passengers seeking damages against airline carriers, so Plaintiff has no private right of action under IATA. (Dkt. No. 10.)  Plaintiff does not oppose the motion to dismiss. (Dkt. No. 15.)  And indeed, the Ninth Circuit has explained that the Montreal Convention "governs 'all international carriage of persons, baggage or cargo performed by aircraft for reward,' [and] provides the exclusive remedy for international passengers seeking damages against airline

carriers" for injuries sustained aboard the aircraft or during the course of embarking or disembarking. *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014); *see also El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 171-72 (1999) (noting that an international passenger's sole available remedy is under the Montreal Convention). Accordingly, the Court concludes that Plaintiff's IATA cause of action fails to state a claim upon which relief may be granted. The Court therefore GRANTS Defendant's unopposed motion to dismiss the second cause of action without leave to amend.

**IT IS SO ORDERED.**

Dated: November 23, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge